# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VONZELL JOHNSON | * | |
| Petitioner | * | |
| v | * | Civil Action No. PJM-13-927 |
| SECRETARY OF PUBLIC SAFETY, et al. | * | |
| Respondents | * | |

***

## MEMORANDUM OPINION

Pending is Respondents' Answer to the Petition for Writ of Habeas Corpus asserting that dismissal of the Petition, filed pursuant to 28 U.S.C. §2241, is appropriate because State remedies have not been exhausted. ECF No. 11. Although Petitioner was provided 28 days to provide a Reply addressing the allegation that his claims have not been exhausted, he has failed to file a Reply. ECF No. 12. Petitioner did, however, file a Motion to Stop All Further Extensions of Time (ECF No. 13) which shall be denied as moot.

Petitioner Vonzell Johnson ("Johnson") asserts his due process rights were violated when he was denied the opportunity to earn diminution of confinement credits. ECF No. 1. Specifically, he alleges he has been kept on administrative segregation unjustifiably, resulting in denial of job bank assignment. Because a prison job could earn Johnson as many as 10 days a month reduction in his sentence, he asserts he is currently deprived a liberty interest. He states he was assigned to administrative segregation because "reasons exist to believe you are dangerous to the security of the institution" without benefit of a hearing and a chance to present evidence in his defense. *Id*. at p. 2. He claims this action violates his right to due process and that he is entitled to release from incarceration.

Respondents assert that Johnson's claim concerns application of diminution of confinement credits or calculation of his sentence which has not been presented to the state courts for consideration, requiring dismissal of the Petition. ECF No. 11. Respondents do not address the merits of Petitioner's allegations.

Questions of State law regarding diminution of confinement credits presented by the instant Petition are subject to the exhaustion requirement of 28 U.S.C. § 2254(b), which applies to petitions filed pursuant to 28 U.S.C. §2241. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to 2241 petition challenging civil commitment). Thus, before filing a federal habeas petition, Petitioner must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U. S. 509, 521 (1982). The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted), *cert. denied*, 121 S. Ct. 1194 (2001). Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Additionally, to the extent the Petition presents a constitutional question regarding due process entitlements or a violation of the Eighth Amendment, exhaustion of administrative remedies is required. The Prisoner Litigation Reform Act provides, in pertinent part:

> (a) Applicability of administrative remedies
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e.

As a prisoner, Johnson is subject to the strict requirements of the exhaustion provisions. It is of no consequence that the claim concerns a single occurrence, as opposed to a general conditions of confinement claim. *See Porter v. Nussle*, 534 U.S. 516, 528 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct). Exhaustion is also required even though the relief sought is not attainable through resort to the administrative remedy procedure. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). A claim which has not been exhausted may not be considered by this Court. *See Jones v. Bock*, 549 U.S. 199, 220 (2007).

Respondents have asserted that Johnson has neither filed a claim in State court alleging he is entitled to release from incarceration, nor has he exhausted administrative remedies. ECF No. 11. Johnson has failed to refute that allegation; thus, the Petition must be dismissed without prejudice. A separate Order follows.

September 6, 2013

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE